# EXHIBIT A

## Commonwealth of Massachusetts

SUFFOLK, SS.

TRIAL COURT OF THE COMMONWEALTH
SUPERIOR COURT DEPARTMENT
CIVIL DOCKET NO. 1984CV02743

Adneil Rosario, PLAINTIFF(S),

v.

Nicholas Neczypyr, DEFENDANT(S)

### SUMMONS

THIS SUMMONS IS DIRECTED TO Nicholas Neczypyr (Defendant's name).

You are being sued. The Plaintiff(s) named above has started a lawsuit against you. A copy of the Plaintiff's Complaint filed against you is attached to this summons and the original complaint has been filed in the Suffolk Cty Superior Court. YOU MUST ACT PROMPTLY TO PROTECT YOUR RIGHTS.

1. You must respond to this lawsuit in writing within 20 days. If you do not respond, the court may decide the case against you and award the Plaintiff everything asked for in the complaint. You will also lose the opportunity to tell your side of the story. You must respond to this lawsuit in writing even if you expect to resolve this matter with the Plaintiff. If you need more time to respond, you may request an extension of time in writing from the Court.

2. How to Respond. To respond to this lawsuit, you must file a written response with the court and mail a copy to the Plaintiff's Attorney (or the Plaintiff, if unrepresented). You can do this by:

   a. Filing your signed original response with the Clerk's Office for Civil Business, Suffolk Sup. Court, 3 Pemberton Sq, Boston (address), by mail or in person, AND

   b. Delivering or mailing a copy of your response to the Plaintiff's Attorney/Plaintiff at the following address: 945 Concord Street, Framingham, MA 01701

3. What to include in your response. An "Answer" is one type of response to a Complaint. Your Answer must state whether you agree or disagree with the fact(s) alleged in each paragraph of the Complaint. Some defenses, called affirmative defenses, must be stated in your Answer or you may lose your right to use them in court. If you have any claims against the Plaintiff (referred to as counterclaims) that are based on the same facts or transaction described in the Complaint, then you must include those claims in your Answer. Otherwise, you may lose your right to sue the Plaintiff about anything related to this lawsuit. If you want to have your case heard by a jury, you must specifically request a jury trial in your Answer or in a written demand for a jury trial that you must send to the other side and file with the court no more than 10 days after sending your Answer. You can also respond to a Complaint by filing a "Motion to Dismiss," if you believe that the complaint is legally invalid or legally insufficient. A Motion to Dismiss must be based on one of the legal deficiencies or reasons listed under Mass. R. Civ. P. 12. If you are filing a Motion to Dismiss, you must also comply with the filing procedures for "Civil Motions" described in the rules of the Court in which the complaint was filed, available at www.mass.gov.courts/case-legal-res/rules of court.

4. Legal Assistance. You may wish to get legal help from a lawyer. If you cannot get legal help, some basic information for people who represent themselves is available at www.mass.gov/courts/selfhelp.
5. Required information on all filings: The "civil docket number" appearing at the top of this notice is the case number assigned to this case and must appear on the front of your Answer or Motion to Dismiss. You should refer to yourself as the "Defendant."

Witness Hon. Judith Fabricant, Chief Justice on _____, 20____.

*Michael Joseph Donovan*
Michael Joseph Donovan
Clerk-Magistrate

Note: The number assigned to the Complaint by the Clerk-Magistrate at the beginning of the lawsuit should be indicated on the summons before it is served on the Defendant.

## PROOF OF SERVICE OF PROCESS

I hereby certify that on _____, 20____, I served a copy of this summons, together with a copy of the complaint in this action, on the defendant named in this summons, in the following manner (See Mass. R. Civ. P. 4 (d)(1-5)):

_____
_____
_____

Dated: _____, 20____   Signature: _____

N.B.   TO PROCESS SERVER:

PLEASE ENTER THE DATE THAT YOU MADE SERVICE ON THE DEFENDANT IN THIS BOX — BOTH ON THE ORIGINAL SUMMONS AND ON THE COPY OF THE SUMMONS SERVED ON THE DEFENDANT.

NOVEMBER 12, 2019

## COMMONWEALTH OF MASSACHUSETTS

SUFFOLK, ss.

SUPERIOR COURT
CIVIL ACTION NO.:

---

ADNEIL ROSARIO )
)
Plaintiff. )
)
v. )
)
TROOPER NICHOLAS NECZYPYR, )
In his individual capacity )
Defendant. )
)

---

## **COMPLAINT**

### I. **INTRODUCTION**

This is an action for money damages brought by the Plaintiff, pursuant to 42 U.S.C. 1983, 1985 and 1988, the Fourth (and Fourteenth) Amendment(s) to the United States Constitution and the common law of the Commonwealth of Massachusetts against Trooper Nicholas Neczypyr, individually, for his tortious acts of unreasonable search and seizure, assault and battery, and unnecessary and/or excessive force.

### II. **PARTIES**

1. The Plaintiff, Adneil Rosario, is a citizen of the United States and a resident of the Commonwealth of Massachusetts.

2. The Defendant, Trooper Nicholas Neczypyr, (hereinafter, "Neczypyr" or "Defendant Neczpyr") at all times relevant hereto, is a resident of the Commonwealth of Massachusetts, and a duly appointed officer of the Massachusetts State Police, acting

under color of statutes, customs, ordinances and practices of the Commonwealth of Massachusetts. He is named in his individual capacity.

### III. FACTUAL ALLEGATIONS MATERIAL TO ALL COUNTS

3. On August 29, 2016, Adneil Rosario was a passenger in a car being driven by Matthew Pinkham.

4. Pinkham is of Caucasian descent.

5. Adneil Rosario is of Hispanic descent.

6. On August 29, 2016, Defendant Neczypyr pulled over the vehicle for a claimed motor vehicle infraction.

7. Upon pulling the car over Neczypyr ordered the driver out of the car, and demanded of him, "who got it"? – making reference to drugs.

8. The driver responded that he didn't know what Neczypyr was talking about.

9. Neczypry then stated "well I am going to find it".

10. Neczypyr then ordered another passenger (not Mr. Rosario) out of the vehicle.

11. This other person was a Hispanic male.

12. This person was searched by Neczypyr with negative results.

13. Defendant Neczypyr then ordered Mr. Rosario out of the vehicle.

14. Thereafter, Neczypyr then put his hands in Mr. Rosario's genital area, and starting fondling Mr. Rosario's genitalia.

15. Defendant Neczypry then asked Mr. Rosario what was in his private area, and Mr. Rosario responded it was money.

16. Defendant Neczypyr then opened up Mr. Rosario's waist band and looked inside at his genitalia area, and then retrieved the money.

2

17. Neczypyr then ordered Mr. Rosario to strip down naked so that a further search could conducted.

18. Mr. Rosario refused Neczypyr's demand to strip.

19. Defendant Neczypyr then threated Mr. Rosario with being tased if he did not comply.

20. Mr. Rosario stripped down under this threat of being tased by Defendant Neczypyr.

21. Neczypry searched Mr. Rosario naked in the street from the waist down.

22. Neczypry ordered Mr. Rosario to cough and looked up his anus.

23. No narcotics were found on the person of Mr. Rosario or his body cavity.

24. The white male, Mr. Pinkham was not searched at all by Neczypyr.

## V. CAUSES OF ACTIONS

### COUNT I: UNREASONABLE EXIT ORDER, SEIZURE AND SEARCH OF MR. ADNEIL ROSARIO

25. The Plaintiffs' repeats and incorporates the allegations of paragraphs 1 through 25.

26. The Defendant, Neczypyr, violated the Plaintiff's Fourth Amendment rights by intentionally pulling over the vehicle upon which the Plaintiff was a passenger, and ordered him out of the car without reasonable suspicion or probable cause of criminal activity being afoot.

27. Defendant Neczypyr gave Mr. Rosario an unlawful exit order.

28. Defendant Neczypyr then conducted a search of Mr. Rosario's person, including a strip search, without any reasonable suspicion or probable cause that Mr. Rosario would have illegal contraband on his person or in any body cavities.

29. All of the above acts subjected Mr. Rosario to an unreasonable search and seizure in violation of the United States Constitution.

30. The acts described in above paragraphs, caused Mr. Rosario injury.

31. The acts described in the above paragraphs was done by Defendant Neczypyr with malicious intent, as he engaged in these acts because he believed that Mr. Rosario, a Hispanic male, was dealing in narcotics on August 29, 2016, for no other reason than based upon his ethnic background.

32. At all times relevant to this complaint, the Plaintiff had a Fourth Amendment right not to be subjected to any racial profiling or unreasonable searches and seizures by Defendant Neczypyr, based upon Mr. Rosario's ethnic background or nationality.

33. At all times relevant to this complaint, the Defendant Neczypyr, while acting under color of state law, acted unreasonably as described above.

34. As the direct and proximate result of the actions by Defendant Neczypyr, as described above, the Plaintiff was deprived of his constitutional and statutory rights as guaranteed by the Fourth and Fourteenth Amendments to the United States Constitution and 42 U.S.C. Section 1983, and has incurred other damage.

## COUNT II: ASSAULT AND BATTERY

35. The Plaintiff repeats and incorporates the allegations of paragraphs 1 through 35.

36. The actions of Defendant Neczypry against Mr. Adniel Rosario constitute the tort of assault and battery under the laws of the Commonwealth.

37. The Defendant Neczypyr committed an unwanted touching against the person of Adneil Rosario, without any legal justification or excuse for doing so, and without his consent.

38. As the direct and proximate result of the intentional acts of Neczypyr, the Plaintiff experienced emotional distress and mental suffering, and has incurred other damage.

## COUNT III: VIOLATIONS OF M.G.L. c.12 §11I

39. The Plaintiff repeats and incorporates herein the allegations of paragraph 1 through 39.

4

40. The Defendant, Trooper Neczypyr, based upon the aforementioned allegations, violated the Plaintiffs' rights under the Fourth, Fifth, Eighth and Fourteenth Amendments to the United States Constitution and under Article One, Ten, and Fourteen of the Declaration of Rights of the Constitution of the Commonwealth of Massachusetts.

41. The above actions of Defendant Neczypyr was taken by means of threats, intimidation and coercion.

42. By his actions described herein, the Defendant violated the Plaintiff's rights as protected by G.L. c. 12 §11I, causing him injury.

43. The Defendant acted with malice or with reckless disregard for whether the Plaintiff's rights would be violated by their actions, causing him injury.

## DAMAGES

WHEREFORE the Plaintiff, pray this Honorable Court:

1. Award compensatory damages against the defendants jointly and severally;

2. Award punitive damages against Trooper Neczypyr.

3. Award the Plaintiff's compensation for his pain and suffering, emotional distress, land other expenses, in the amount determined by trial;

4. Award the Plaintiff the cost of this action, including reasonable attorney fees in accordance with the law, including but not limited to 42 U.S.C. §1983 and M.G.L. c. 12 §11I;

5. Award the Plaintiff such additional relief as may be appropriate under the special circumstances of the case.

## DEMAND FOR JURY TRIAL

The Plaintiff demands a trial by jury on all counts of this complaint.

Respectfully submitted,
ADNEIL ROSARIO
By his Attorney,

*[signature]*

Gordon W. Spencer, Esq.
B.B.O. # 630488
945 Concord Street
Framingham, MA 01701
(508) 231-48

Dated: August 29, 2016